IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PHILBERT WILSON,<br><br>Plaintiff,<br><br>v.<br><br>PERRY QUAHLIERO, et. al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:24-1528-RJC |

**MEMORANDUM ORDER OF COURT**

AND NOW, this 31st day of March, 2026, the Court notes that the Defendants in this matter filed Motions to Dismiss at ECF Nos. 31 and 33 on July 30, 2025.  Pursuant to the undersigned's Standing Order and Procedures re: Civil Motion Practice, Plaintiff's responses to the Motions to Dismiss were due by no later than August 20, 2025.  *See* https://www.pawd.uscourts.gov/sites/pawd/files/Colville_%20Standing_Order_Civil_Motions.pdf at ¶ 4(b)(ii).  To date, Plaintiff has not filed responses to those Motions.  That is consistent with Plaintiff's prior participation in this action, as the Court previously ordered as follows in this matter:

> AND NOW, this 13th day of June, 2025, the Court notes that the Defendants in this matter filed Motions to Dismiss at ECF Nos. 17 and 21 on January 24, 2025.  To date, Plaintiff has not filed responses to those Motions.  Accordingly, it is hereby ORDERED that Plaintiff shall respond to the pending Motions to Dismiss by July 7, 2025.  Failure to respond to the Motions to Dismiss will result in dismissal of this matter pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute

1

and failure to comply with Court orders.  The Court notes that, in this circumstance, dismissal under Rule 41(b) would operate as an adjudication on the merits.

ECF No. 23.  In response to the Court's June 13, 2025 Order, Plaintiff sought leave to file a second amended complaint.  The Court granted leave, and the Second Amended Complaint (ECF No. 28) was filed on July 11, 2025.

The Defendants filed the most recent Motions to Dismiss the Second Amended Complaint on July 30, 2025.  Given the Court's prior Order, Plaintiff was clearly on full notice that failure to substantively respond to motions to dismiss could result in dismissal of this matter with prejudice. Despite that knowledge, Plaintiff has entirely ignored this matter and the pending motions to date. Accordingly, the Court will dismiss this matter for failure to prosecute.

"Generally, a dispositive motion may not be granted merely because it is unopposed." *Hughes v. Chesney*, No. CIV. 3:CV-00-17, 2005 WL 2806688, at *1 (M.D. Pa. Oct. 26, 2005). "However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  *Id*.  "A district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."  *Jones v. New Jersey Bar Ass'n*, 242 F. App'x 793, 793 (3d Cir. 2007).  Dismissal with prejudice is a drastic, "extreme" sanction, and courts consider several factors in deciding whether the same is appropriate.  *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984).  The United States Court of Appeals for the Third Circuit has explained:

> Ordinarily, when a court is determining sua sponte or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute, and the plaintiff is opposing the motion, the court must consider several factors in reaching its decision: (1) the extent of the party's personal responsibility; (2) the prejudice to the opponent; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the meritoriousness of the claim or the defense.

2

*Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994) (citing *Poulis*, 747 F.2d at 868).  The Third

Circuit has further explained:

> In balancing the *Poulis* factors, we do not have a "magic formula" or "mechanical calculation" to determine whether a District Court abused its discretion in dismissing a plaintiff's case.  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992).  While "no single *Poulis* factor is dispositive," [*Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir.2003)], we have also made it clear that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."  *Mindek*, 964 F.2d at 1373.

*Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

It bears further noting, that, "[w]hen a litigant's conduct makes adjudication of the case

impossible . . . such balancing under *Poulis* is unnecessary."  *Jones*, 242 F. App'x at 794 (citing

*Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir.1990); *Spain*, 26 F.3d at 454–55).  In *Jones*, the

Third Circuit affirmed dismissal of an action with prejudice where it found that a litigant's conduct

made adjudication of the action impossible.  *Id*.

Initially, Plaintiff's conduct has rendered adjudication of this matter impossible, and no

balancing under *Poulis* is required.  Plaintiff's participation in this case has been exceptionally

limited, and he has completely ignored another round of motion practice despite being fully

apprised that the same could result in dismissal of this matter.  Plaintiff has seemingly abandoned

this action, and the Court finds that his conduct renders adjudication of this case impossible.  On

this basis, dismissal with prejudice is warranted.

Even if the Court were to look to the *Poulis* factors, the Court would find that dismissal

with prejudice is warranted in this case.  First, as a pro se litigant, Plaintiff is solely responsible

for his failure to pursue this matter in a diligent fashion.  *See Staples v. Bellafronte*, No. 3:17-CV-

6778 (BRM), 2020 WL 360615, at *2 (D.N.J. Jan. 22, 2020).  The prejudice to the opponent is

plain, as the Defendants remain in limbo while their Motions to Dismiss remain pending, and the

delay caused by Plaintiff will result in the inevitable fading of memories of any witnesses involved in this matter. Plaintiff has displayed a clear pattern and history of dilatoriness, as, again, he has not actively participated in this litigation, often missing deadlines and requiring prompts from the Court to reengage in this matter. The Court finds that Plaintiff's actions, or lack thereof, indicate that his failure to participate is willful. While monetary sanctions could be imposed, the Court finds that there are no effective alternative sanctions to dismissal given Plaintiff's lack of participation in this case to date, again, despite being on notice that his failure to participate could result in dismissal.

Given the early stage of the proceedings, the Court takes no position on the "meritoriousness of the claim" factor. Given that not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint, and because all of the other factors weigh heavily in favor of dismissal, the Court will dismiss this case with prejudice.

For the reasons discussed above, Plaintiff's Complaint is dismissed with prejudice. The Court will enter a Rule 58 Judgment Order in this matter. Defendants' Motions to Dismiss are dismissed as moot. The Clerk of Court shall mark this case as closed.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

cc:    All counsel of record

Philbert Wilson
424 E. Clen Moore Blvd.
New Castle, PA 16105

4